[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant David Vega appeals from his conviction for theft, in violation of R.C. 2913.02(A)(3), and his conviction, in two separate counts, for passing bad checks, in violation of R.C. 2913.11(A). Following a bench trial, the trial court imposed concurrent eight-month prison terms for each offense, which terms are less than the maximum terms of imprisonment for these fifth-degree felonies.
In his first assignment of error, Vega contests the sufficiency of the evidence adduced to support the bad-check convictions. He claims that his attempts to make restitution to his creditors negated the "element of intent to defraud" of R.C. 2913.11(A). The statute actually provides that to sustain a conviction, the state must adduce evidence that the defendant issued a check "knowing that it will be dishonored." R.C.2913.11(A). The record contains substantial, credible evidence from which the trier of fact might have concluded that the state proved all elements of the charged crimes beyond a reasonable doubt. Specifically, the record shows that Vega failed to maintain a positive balance in his checking account while continuing to write checks on that account, and thus acted "knowingly," as defined in R.C. 2913.11(B)(2). See State v. Waddy
(1991), 63 Ohio St.3d 424, 588 N.E.2d 819, certiorari denied (1992),506 U.S. 921, 113 S.Ct. 338; see, also, State v. Wolfe (Oct. 24, 1990), 1st Dist. No. C-890645. Evidence that Vega attempted restitution does not negate his intent at the time the checks were issued. See State v. Lee
(Nov. 25, 1983), 4th Dist. No. 82 X 16. The first assignment of error is overruled.
In his second assignment of error, Vega contends that the trial court erred (1) in imposing a prison term, as opposed to a community-control sanction, for these offenses, and (2) in not imposing the shortest term of incarceration when he had not previously served a prison term. See R.C. 2929.13(B) and 2929.14(B).
Other than the imposition of a maximum prison term or consecutive sentences, a defendant is not entitled to appeal, nor are we permitted to review, the imposition of a prison term for a fifth-degree-felony if the trial court has specified that it has found one or more of the factors in R.C. 2929.13(B)(1)(a) through (i) to be applicable. See R.C. 2953.08(A)(2). Because the trial court concluded from the presentence investigation that these offenses were committed while Vega was under various community-control sanctions, see R.C. 2929.13(B)(1)(h), review of these non-consecutive, non-maximum-term sentences is precluded. See State v.Riley, 1st Dist. No. C-010221, 2001-Ohio-4029, appeal not allowed (2002), 94 Ohio St.3d 1507, 764 N.E.2d 1037; see, also, State v.Battiste, 8th Dist. No. 79852, 2002-Ohio-1079, at ¶ 44. The second assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.